RENDERED:  JULY 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1352-MR

KEITH M. OWENS                                                          APPELLANT

v.

APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 20-CI-00447

KENTUCKY DEPARTMENT OF
CORRECTIONS                                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, JONES, AND McNEILL, JUDGES.

COMBS, JUDGE:  Keith Owens, Appellant, is a prisoner challenging an opinion

and order of the Franklin Circuit Court that dismissed his petition for declaration of

rights.  Owens believes that he is entitled to certain custody time credits pursuant

to KRS[1] 532.120(3). Therefore, he contends that the trial court abused its

---

[1] Kentucky Revised Statutes.

discretion in dismissing his petition. Because Owens has failed to demonstrate that he exhausted his administrative remedies, we affirm the order of dismissal.

Owens is serving a 120-year aggregate sentence for multiple counts of first- and second-degree robbery and two counts of second-degree persistent felony offender continued in four indictments. He was paroled from March 13, 2013 – September 29, 2014.

On September 28, 2014, while on parole, Owens was charged with eight additional counts of robbery.[2] His parole was revoked on September 29, 2014. On June 26, 2017, Owens appeared for final sentencing before Honorable Mitch Perry, Jefferson Circuit Court, Division Three, who entered judgment and conviction of sentence as follows in relevant part:

> **14CR2597**
> - **Robbery in the First Degree (1 Count) – Ten (10) Years**
> - **Robbery in the Second Degree (7 Counts) (Amended) – Ten (10) Years enhanced to Twenty (20) Years**
>
> **17-CR-1088**
> - **Persistent Felony Offender in the Second Degree (Amended) – Indeterminate**
>
> 2. The sentences shall run concurrent [sic] for a total of *twenty (20) years* to serve.
> 3. The Defendant shall be entitled to credit for any time served pursuant to *KRS 532.120*, and in accordance with the custody time report prepared by the Division of Probation and Parole.

---

[2] Subsequently docketed as Case No. 14-CR-2597.

(Emphases in original.)

This appeal arises out of the dismissal of Owens's petition for declaration of rights in which he alleged that Appellees improperly denied custody time credit served toward his current felony conviction in Case No. 14-CR-2597. In his supporting memorandum, Owens argued that he was "in custody" in Case No. 14-CR-2597 from October 7, 2014, the date of the indictment, to June 27, 2017, the date of final sentencing; that the sentencing court had granted him custody time credit toward his new felony conviction and that the credit had been calculated to be 32 months and 28 days by "Mr. Bob Bohlen, then Probation & Parole calculation guru[.]" Approximately two years later, in April 2019, Owens became eligible to be placed at a minimum custody facility. According to Owens, when his custody change request was submitted for final review, an offender information specialist -- a Mr. Lamb -- rescinded his custody credit pursuant to Kentucky Corrections Policy and Procedure (C.P.P.) 28-01-08(II)(A)(4), which provides as follows:

> If an offender is serving an imposed felony sentence simultaneously while also held on the felony offense for which the custody time credit is being calculated, probation and parole staff shall not count any custody time credit until the felony sentence has expired, since credit for the time served is calculated as institutional credit.

Owens explained that once "informed of the matter, he appealed by filing [a] C.P.P. 17.4, Administrative Review Form to address recalculation of custody time credits . . . with the Northpoin[t] T[ ]raining Center's, Offender Information Office first." The Appendices to Owens's Memorandum reflect the procedural chronology as summarized below.

By Form C.P.P. 17.4 dated May 2, 2019,[3] Owens requested review of "Sentence Calculations: Sentence Length and Jail Credit." As noted above, Owens filed that request with the Northpoint Training Center Offender Information Office.

By letter dated May 6, 2019, addressed to a Mr. Herald,[4] Owens explained that his "hopes are to have my 32 months and 28 days credited back towards my sentence and then my parole date be calculated from 10-2014." Although there is no address on the letter, the record reflects that Mr. Herald is the District 4 Supervisor of the Office of Probation and Parole in Louisville.

By document dated May 8, 2019, "INSTITUTIONAL OFFENDER INFORMATION SERVICES RESPONSE" (emphasis original), Lisa Douglas responded to Owen's May 2, 2019 Form C.P.P. 17.4, as follows:

---

[3] Memorandum in Support of Petition for Declaration of Rights, Appendix "A," Record on Appeal (ROA), pp. 37-39.

[4] *Id*., Appendix "E," ROA, pp. 44-46.

This is an administrative remedy in compliance with CPP 17.4 in response to your request for administrative review. In your request, you are inquiring about your sentence length, ultimate date, PE date, and jail credit. Your sentence length is 120 years. Your PE date and Ultimate date is 12/25/2025. These dates must match due to you [sic] serving on a Class B felony. You must serve at least 85% of the sentence imposed. See KRS 439.3401.

**If you feel there is an error regarding the amount of jail credit you received you will need to write to Probation & Parole in your sentencing county to get that amended.** We cannot change jail credit without a custody time credit provided by P & P.

If you wish to appeal this response you have 10 working days to submit this form and explain why you are appealing the response to the address shown below. [The address is listed as Department of Corrections, Offender Information Services Branch, in Frankfort.]

(Emphasis added.) On May 9, 2019, Owens appealed Douglas's response to the Department of Corrections Offender Information Services Branch in Frankfort, contesting the refusal to credit him with time served.[5]

By letter dated May 16, 2019, Jerry Sudduth, Offender Information Administrator, at Offender Information Services, Frankfort, Kentucky,[6] advised Owens that:

This letter is in response to your 17.4 correspondence of May 9, 2019 regarding Jail Credit.

I reviewed your request and I concur with the answer you received from Northpoint Training Center.

---

[5]*Id.*, Appendices "B" & "C," ROA, pp. 40-42.

[6] *Id.*, Appendix "D," ROA, p. 43.

> **You must contact Probation and Parole to review
> your Jail Credit.** State law requires Probation and
> Parole to calculate the total time an offender spends in
> custody prior to sentencing; this is not a function of
> Offender Information Services. Offender Information
> Services applies the credit based on Probation and
> Parole's review. Please send your request for Jail Credit
> to the following address:
> > Department of Corrections
> > Probation and Parole District 4
> > 410 W. Chestnut St.
> > Louisville, KY 40202
> > I regret I could not give you a more positive
> answer regarding your request.

(Emphasis added.)

On June 5, 2019, William Herald, District 4 Supervisor at the Office

of Probation and Parole, 410 West Chestnut Street, Louisville, Kentucky,

responded to Owens by written memorandum "RE: Request for Review of

Sentence Calculation and Jail Credit – Keith Owens[,]"[7] as follows:

> Regarding your time spent in custody from 9-28-14 thru
> 6-26-17 you are not eligible for this time as you were a
> state inmate serving on a prior felony conviction for
> case(s) 87-CR-466 and 93-CR-277. I refer you to
> Corrections Policy and Procedure 28-01-08 II A (4).
>
> . . .
>
> As the sentence for 87-CR-466 and 93-CR-277 did not
> expire prior to your being sentenced in case 14-CR-2597
> and 17-CR-1088 no additional jail credit is authorized.

---

[7] *Id.*, Appendix "F," ROA, pp. 47-48.

Finally, regarding your Parole Eligibility determination, this is not a function of Probation and Parole and would fall within the purview of Offender Records. You will need to seek answers from them as to why your Parole Eligibility date changed after your April 8, 2019 Custody Classification.

If you feel that this explanation is in error, you will need to resubmit a request for reconsideration, which needs to include the specific days you feel have not been credited.

A copy of this correspondence will be forwarded to Offender Records to be included in your record.

It does not appear that Owens requested reconsideration or appealed from Herald's June 5, 2019, written response.

On August 10, 2020, Appellees filed a motion to dismiss Owens's petition for declaration of rights in the Franklin Circuit Court pursuant to CR[8] 12.02 for failure to state a claim upon which relief can be granted. Relying upon C.P.P. 28-01-08(II)(A)(4), Appellees argued as follows:

[O]nce [Owens's] parole was revoked, he began serving time on the sentences he had been paroled from. Ostensibly, Owens is laboring under the mistaken belief that he is entitled to "jail credit" for time he was incarcerated toward satisfaction of indictment 14-CR-2597. But an offender cannot be housed in a prison as a state inmate and be simultaneously earning jail credit toward satisfaction of pending charges.

---

[8] Kentucky Rules of Civil Procedure.

-7-

The Franklin Circuit Court agreed with Appellees and granted their motion to dismiss by order entered on September 17, 2020. It is that order from which Owens now appeals.

In *Sanders v. Commonwealth*, 600 S.W.3d 266 (Ky. App. 2020), this Court explained that:

> The current language of KRS 532.120(3), . . . effective June 8, 2011, no longer authorizes trial courts to credit felony sentences for time spent in custody before sentencing. The General Assembly granted that authority instead to the Department of Corrections. While a defendant may challenge a decision of the Department of Corrections to award pretrial jail-time credit by filing a motion in the sentencing court, he must first exhaust his administrative remedies with the appropriate authority. KRS 532.120(9).

KRS 532.120(3) provides that:

> Time spent in custody prior to the commencement of a sentence as a result of the charge that culminated in the sentence shall be credited by the Department of Corrections toward service of the maximum term of imprisonment in cases involving a felony sentence and by the sentencing court in all other cases. If the sentence is to an indeterminate term of imprisonment, the time spent in custody prior to the commencement of the sentence shall be considered for all purposes as time served in prison.

KRS 532.120(9) provides that:

> An inmate may challenge a failure of the Department of Corrections to award a sentencing credit under this section or the amount of credit awarded by motion made in the sentencing court no later than thirty (30) days after

the inmate has exhausted his or her administrative remedies.

Owens did not file a motion in the sentencing court. Nor did he exhaust his administrative remedies. KRS 454.415 provides that:

> (1) No action shall be brought by or on behalf of an inmate, with respect to:
>
> . . .
>
> > (b) Challenges to a sentence calculation; [or]
> >
> > (c) Challenges to custody credit
>
> . . .
>
> until administrative remedies as set forth in the policies and procedures of the Department of Corrections, . . . are exhausted.
>
> (2) Administrative remedies shall be exhausted even if the remedy the inmate seeks is unavailable.
>
> (3) The inmate shall attach to any complaint filed documents verifying that administrative remedies have been exhausted.

In *Woods v. Commonwealth*, 599 S.W.3d 894, 897 (Ky. App. 2020), this Court explained as follows:

> The penalty for failing to comply with administrative remedies is dismissal of the action. KRS 454.415(4).

Although Owens submitted a written request for "Review of Sentence Calculation and Jail Credit" to Mr. Herald, District 4 Supervisor at the Office of Probation and Parole in Louisville (where Owens was sentenced), he failed to

appeal Probation and Parole's June 5, 2019, written response concerning custody time credit to the Offender Information Services Branch as required both by C.P.P. 17.4 (I)(D)(3)(a) and by C.P.P. 28-01-08 (II)(D)(3)(a). Owens failed to exhaust his administrative remedies as mandated in order to be eligible to file a petition in a court.

Therefore, we AFFIRM the order of the Franklin Circuit Court dismissing his petition.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Keith M. Owens, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Allison R. Brown
Frankfort, Kentucky